AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Northern District of California

FILED
OCT 17 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States of America
v.
JULIE A. WEAVER

*Defendant(s)*

Case No.

3-11 71170
TJB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 27, 2011__ in the county of __San Francisco__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 669 | Theft or Embezzlement in Connection with Health Care |

This criminal complaint is based on these facts:
See affidavit attached hereto and fully incorporated here by reference.

☑ Continued on the attached sheet.

_Jason P. Root_
*Complainant's signature*

JASON P. ROOT, Special Agent, Dep't of VA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/17/11

*Judge's signature*

City and state: San Francisco, California

Timothy J Bommer
*Printed name and title*

# AFFIDAVIT
# IN SUPPORT OF CRIMINAL COMPLAINT

I, Jason P. Root, your affiant, having been duly sworn, depose and state as follows:

## I. INTRODUCTION

1. This affidavit is submitted in support of a criminal complaint against **Julie Weaver** for Theft or Embezzlement in Connection with Health Care, in violation of Title 18, United States Code, Section 669. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records relating to this investigation, communication with others who have personal knowledge of the events and the circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the complaint, it does not set forth each and every fact that I, or others, have learned during the course of the investigation.

## II. AGENT BACKGROUND

2. I am a Special Agent of the U.S. Department of Veterans Affairs (VA), Office of the Inspector General (OIG), Criminal Investigative Division (CID). I am currently assigned to the Northwest Field Office for the VA, OIG, CID, in Oakland, California. I have been employed with the VA, OIG, CID since October 2010. As a Special Agent with the VA, my duties include investigating fraud, waste, and abuse within the VA, as well as other duties as are authorized by the Inspector General Act (PC 95-452). Special Agents are empowered by the Inspector General Act (PC 95-492) to carry firearms, execute warrants, and make arrests for the United States relating to programs and operations of the VA.

3. Prior to my current employment, I served as a Special Agent for the Food and Drug Administration (FDA), Office of Criminal Investigation (OCI) for approximately three years and four months. As a FDA, OCI, Special Agent, I conducted numerous investigations involving illegal possession and distribution of various drugs, drug use and drug diversion, and tampering at health care facilities. During my employment with the FDA, OCI, I successfully completed several professional training courses, including the FDA Food and Drug Law Course in Rockville, Maryland, and the OCI Special Agent Training Program held at the Federal Law Enforcement Training Center located in Glynco, Georgia. Prior to my employment with the FDA, OCI, I was employed as a Special Agent for the United States Army, Criminal Investigation Division (USACIDC) for approximately twenty years. As an USACIDC Special Agent, I was responsible for conducting investigations of all felony crimes, including drug offenses occurring on military installations. I have executed numerous search warrants, interviewed numerous witnesses and suspects, and secured other relevant information using various techniques.

4. I am conducting a criminal investigation into the activities of **Julie Weaver**, who is alleged to have converted Demerol to her personal use from the San Francisco Veterans Affairs Medical Center (SFVAMC).

### III. APPLICABLE LAWS

5. Title 18, United States Code, Section 669 states in pertinent part, that "Whoever knowingly and willfully embezzles, steals, or otherwise without authority converts to the use of any person other than the rightful owner, or intentionally misapplies any property, or other assets of a health care benefit program, shall be fined under this title or imprisoned not more than 10

years, or both; but if the value of such property does not exceed the sum of $100 the defendant shall be fined under this title or imprisoned not more than one year, or both."

6. A "health care benefit program" is defined by Title 18, United States Code, Section 24(b) as "any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing medical benefit, item, or service for which payment may be made under the plan or contract."

7. The U.S. Department of Veterans Affairs (VA) is a cabinet level department of the Federal government, whose mission is to care for U.S. military veterans and their dependants. In furtherance of this mission, the VA runs the largest hospital system in the United States, as well as administering a wide range of financial benefit programs. The Veterans Health Administration (VHA) manages a public, federally funded "health care benefit program," as defined by Title 18, United States Code, Section 24(b), which provides medical benefits in the form of items, services, and payments, administered under the publicly funded program to over 310,000 veterans throughout eight counties in Northern California.

## IV. FACTS SUPPORTING PROBABLE CAUSE

8. **Julie Weaver** has been employed as a Registered Nurse (RN) within the Gastrointestinal (GI) Diagnostic Center at the SFVAMC, 4150 Clement Street, San Francisco, California, since November 21, 2010. She has been licensed in California as a RN since January 1, 1987.

9. GI Diagnostic Center nurses, such as **Julie Weaver**, access narcotic drugs by using a comprehensive automated medication management machine, commonly referred to by its trademark name Acu-Dose Rx (ACUDOSE). The VA utilizes ACUDOSE cabinets to store,

dispense, and track narcotic drugs and other medications. Each GI Diagnostic Center patient procedure room contains an ACUDOSE cabinet. This allows nurses to obtain necessary medications without requiring additional staff to place orders and reconcile supplies. The ACUDOSE cabinets in the GI Diagnostic Center are connected with a network linked to the SFVAMC Pharmacy Service. The ACUDOSE cabinets are stocked by Pharmacy Technicians on an as needed basis. Computer technology ensures secured access. Nurses require a unique username and password to gain access to the ACUDOSE cabinets. Once access is granted, a user must further admit the patient into the ACUDOSE cabinet by inputting their name and unique ID number, which, for the VA, is the patient's Social Security number. Next, the user selects the medication for that patient by using a scrolling screen function. After medication is selected, a cabinet drawer will unlock and open. The user removes the requested medication, hand counts the medication remaining in that drawer, and records the amount of medication remaining in that drawer. When the next user accesses that medication drawer, the ACUDOSE computer system will compare the amount of medication recorded by the two users to ensure accurate reporting. The ACUDOSE computer system will report an error if the two independent counts do not match, when taking into account the amounts reportedly removed. There is a function that allows a user to "Override" the system. Managers can audit "Override" transactions by requesting the ACUDOSE computer system generate an Override Dispense report.

10. On August 11, 2011, Mr. Jose Dy Bun Pin, Nurse Manager, SFVAMC met with Special Agent-in-Charge (SAC) Michael Seitler, VA, OIG, CID, Northwest Field Office, Oakland, California, at the SFVAMC. Mr. Dy Bun Pin explained that his GI Diagnostic Center nursing staff alerted him that a plastic bag containing a used syringe had been discovered in a

clogged toilet, located within the staff lounge area, which is a restricted access area. Mr. Dy Bun Pin also informed SAC Seitler that SFVAMC GI Diagnostic Center RN Erica Youngblood had approached him with concerns about the narcotic drug wasting habits of **Julie Weaver**. SAC Seitler requested that Mr. Dy Bun Pin conduct a review of **Julie Weaver's** ACUDOSE Station Events Report for any irregularities. The ACUDOSE Station Events Report is a report of all cabinet activity associated with a medication, patient, station, and user. Among other things, the ACUDOSE Station Event Report can track the wasting of narcotic mediations.

11.   On August 15, 2011, Mr. Dy Bun Pin contacted me after reviewing **Julie Weaver's** ACUDOSE Station Events Report. Mr. Dy Bun Pin related that on four separate occasions, **Julie Weaver** listed her reason for wasting the patient's Demerol as a dropped vial. None of these incidents were physically witnessed by co-workers. On another occasion, on May 27, 2011, **Julie Weaver** dispensed Demerol from the ACUDOSE cabinet at 10:19 a.m., after the patient's procedure had already been completed. Also, **Julie Weaver** removed Demerol, allegedly for two different patients, on the same day that had the same first name, middle name, and patient identification number. The SFVAMC had no record of one of those patients. Mr. Dy Bun Pin further reported that another empty Demerol vial had been recovered when unclogging a different toilet, located within the staff lounge area, which is a restricted access area.

12.   On August 22, 2011, SA James K. Wahleithner and I interviewed **Julie Weaver**. **Julie Weaver** admitted that she had been diverting SFVAMC patients' waste Demerol for personal use on a daily basis for approximately six to eight weeks. **Julie Weaver** also admitted that on one occasion, she accessed the ACUDOSE cabinet under fraudulent circumstances and obtained Demerol for her personal use.

## V. CONCLUSION

13. Based on the facts and circumstances described in this affidavit, along with my training, experience, and consultation with other experienced law enforcement agents, there is probable cause to believe that on May 27, 2011 **Julie Weaver** committed a violation of federal law in that she stole SFVAMC Demerol, property of SMVAMC, for her personal use, a violation of Title 18, United States Code, Section 669.

## VI. REQUEST FOR SUMMONS

14. I request that the Court issue a summons requiring **Julie Weaver** to appear on October 27, 2011, to answer for the charge set forth in this complaint.

I swear, under the penalty of perjury, that the foregoing information is true and correct to the best of my knowledge and belief.

JASON P. ROOT
Special Agent, Veterans Affairs
Office of Inspector General
Criminal Investigation Division

SUBSCRIBED AND SWORN BEFORE ME
ON 17 day of October, 2011

TIMOTHY J. BOMMER
United States Magistrate Judge
Northern District of California